*Note:  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2012-283

FEBURARY TERM, 2013

| | | |
|---|---|---|
| Kimberly Kim | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Chittenden Unit, |
| v. | } | Family Division |
| | } | |
| | } | |
| Larry Hone | } | DOCKET NO. 369-7-12 Cnfa |

Trial Judge: Alison S. Arms

In the above-entitled cause, the Clerk will enter:

Defendant appeals from a final relief-from-abuse order issued in favor of plaintiff.  He contends that the evidence was insufficient to support the findings and order.  We affirm.

The record evidence may be summarized as follows.  The parties were married in 1990 and divorced in 2002.  They have two adult children.  In June 2012, one of their daughters was seriously injured in an automobile accident in Vermont and hospitalized at Fletcher Allen Hospital.  Plaintiff was residing in Florida at the time with her new spouse, and defendant was residing in Vermont with his new spouse.

Plaintiff traveled from Florida to Vermont and was in their daughter's hospital room with defendant on June 25, 2012, when a dispute between them resulted in the calling of hospital security and the subsequent establishment of a schedule so that their visits did not overlap.  Nevertheless, plaintiff testified that, on July 10, 2012, defendant was alone with her in the hospital hallway and threatened her, stating: "I'm going to kill you, I'm going to throw you down a fucking—I'm  going to kill you."  Plaintiff also testified that, a few days after this incident, she was driving in Rutland on the way to a guardianship proceeding when defendant pulled in front of her in his car and started stopping and starting, in an effort to impede her progress.  When asked at the hearing, "Are you in fear of your ex-husband?" plaintiff responded, "Yes."  Defendant categorically denied that either incident had occurred.

Plaintiff filed a petition for relief from abuse, and the court held a final hearing on July 26, 2012.  Based on the testimony summarized above, the court found, "[b]ased upon the credible evidence adduced at the hearing," that plaintiff had proved by a preponderance of the evidence that defendant abused her by threatening to kill her, and had thus placed her in "fear of imminent serious physical harm," under 15 V.S.A. § 1101(1)(B).  The court denied defendant's subsequent motion to reconsider.  This appeal followed.

Defendant contends the evidence was insufficient to support the court's findings that he threatened and placed in her fear of imminent, serious physical harm.  First, he contends that the court erred in giving more weight to plaintiff's testimony than his own testimony that he was not at the hospital when the alleged threat occurred, and never made the statement in question.  Our

review is limited. "[W]e view [the trial court's factual findings] in the light most favorable to the prevailing party below, disregarding the effect of any modifying evidence, and we will not set aside the findings unless they are clearly erroneous." Coates v. Coates, 171 Vt. 519, 520 (2000) (quotation omitted). That deference applies particularly where, as here, testimony is in conflict, "[g]iven [the trial court's] unique position to assess the credibility of witnesses and weigh the evidence." Begins v. Begins, 168 Vt. 298, 301 (1998). This was essentially a credibility contest, and we discern no basis to conclude that the trial court clearly erred here in finding in plaintiff's favor.

Defendant also contends that there was no evidence that the threat placed plaintiff in fear of imminent, serious bodily injury. Although the question as to whether plaintiff was "in fear of your ex-husband" was asked after she had recounted both the hospital and the driving incidents, there is little doubt from the context that she was referring to both when she responded "Yes." This was sufficient to support the court's finding. Accordingly, we find no basis to disturb the judgment.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Brian L. Burgess, Associate Justice